THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>CHRISTIAN FREDY DJOKO,<br><br>                    Defendant. | CASE NO. CR19-0146-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motions to seal exhibits relating to Defendant Christian Fredy Djoko's motion to review and revoke the detention order of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. Nos. 74, 77). The Government asks the Court to seal the exhibits because they contain discovery materials that are subject to the Court's protective order, (Dkt. No. 65), and contain personal information relating to Defendants and witnesses, (*see* Dkt. Nos. 74 at 1, 77 at 1).

The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). To overcome that presumption, a party seeking to seal a judicial record must show "good cause" to seal the record if it relates to a "non-dispositive motion" and "compelling reasons" if it relates to a "dispositive motion." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The term "dispositive motion" is not used literally in this

context, and the "compelling reasons" standard applies to any motion that "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (explaining that a broad definition of "dispositive motions" is needed to maintain the tradition of public access to court documents and proceedings).

Here, the compelling reasons standard applies because Mr. Djoko's motion to review and revoke Judge Peterson's detention order is "more than tangentially related to the merits of a case." *Id.* While that standard is strict, the Court finds compelling reasons to seal the exhibits at issue because they contain highly sensitive and personal information that, if made public, could cause irreparable harm to Defendants and potential witnesses. Accordingly, the Court GRANTS the Government's motions to seal (Dkt. Nos. 74, 77). The Clerk is DIRECTED to maintain Docket Numbers 75 and 78 under seal until further order of the Court.

DATED this 24th day of August 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE